# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

DEQUINDRE MARION,                    *
                                     *
            Petitioner,              *
                                     *
v.                                   *        CASE NO. 4:07-CV-3 (CDL)
                                     *             28 U.S.C. § 2254
TODD THOMAS, Warden,                 *
                                     *
            Respondent.              *

## REPORT AND RECOMMENDATION

Before the court is Respondent's Motion to Dismiss Petition As Untimely. (R-12).

Petitioner has filed his Response (R- 16) to Respondent's Motion to Dismiss.

On November 29, 2000, Petitioner was convicted of possession of marijuana with the

intent to distribute and possession of cocaine in the Muscogee County Superior Court. (R-

14, Ex. 4). Petitioner was acquitted of trafficking in cocaine. *Id.* Petitioner was sentenced

as a recidivist to eighteen years in prison for the cocaine charge and ten years in prison for

the marijuana charge, to be served concurrently. *Id.* Petitioner appealed his conviction and

sentence to the Georgia Court of Appeals where the same were affirmed on July 23, 2004.

*Marion v. State*, 268 Ga. App. 699, 603 S.E.2d 321 (2004).

On June 30, 2005, Petitioner filed a state habeas petition in the Wilcox County

Superior Court. (R-14, Ex. 1). After an evidentiary hearing September 1, 2005, the petition

was denied on December 19, 2005. (R-14, Ex. 2,4). Petitioner then filed an application for

a certificate of probable cause to appeal, pursuant to O.C.G.A. § 9-14-52, in the Georgia

Supreme Court, which was denied on October 2, 2006. (R-14, Ex. 3). Petitioner thereafter filed his present § 2254 petition on January 8, 2007.

The AEDPA Period of Limitations

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. **"**The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

Under that statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of **direct review** or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(a)(A). (emphasis added). In *Kaufmann v. United States,* 282 F.3d 1336 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the

Eleventh Circuit Court of Appeals joined other Circuits in holding that the AEDPA provides, *inter alia,* that a habeas petition may not be filed more than one year from the "date on which the judgment becomes *final." Id*. at 1339. The *Kaufmann* Court stated:

> We are persuaded by the fact that the Supreme Court has expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA. *See Griffith v. Kentucky,* 479 U.S. 314, 107 S. Ct. 708 (1987). In *Griffith,* the Court stated: "By *final,* we mean a case in which a judgment of conviction has been rendered, that availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 321 n.6, 107 S. Ct. 708 (emphasis added).

Respondent is correct that Petitioner's present petition is untimely under 28 U.S.C. § 2244(d). Pursuant to Georgia Supreme Court Rule 38(1), Petitioner had 10 days after judgment in the Court of Appeals within which to file an application for *writ of certiorari*. Since Petitioner did not seek certiorari to the Georgia Supreme Court, his judgment of conviction became final on August 3, 2004, which was the day following the 10 day period to seek certiorari from the denial of his direct appeal pursuant to Georgia Supreme Court Rule 38(1). Therefore, the AEDPA statute of limitations began to run on Petitioner's § 2254 action on August 3, 2004, and ran until the day the Petitioner filed his state habeas petition on June 30, 2005, allowing 331 days of his 365-day period to elapse.

As set out above, the AEDPA one year limitations period provides that "the time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is *pending* shall not be counted toward any

period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). The United States Supreme Court, held that "... an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, *the time limits upon its delivery*, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 321 U.S. 4 (2000) (emphasis added). The Eleventh Circuit has further held that "[E]ven prior to *Artuz,* this Court held that a petitioner's state post-conviction application must meet state filing deadlines in order to toll AEDPA's one-year limitation period." *Wade v. Battle,* 379 F.3d 1254, 1260 (11th Cir. 2004); citing *Webster v. Moore,* 199 F.3d 1256, 1258 (11th Cir. 2000).

As such, Petitioner's one-year time period for filing his § 2254 petition was tolled during the pendency of his state habeas petition. Hence, he had 34 days left in which to file a § 2254 petition when his certificate of probable cause was denied by the Georgia Supreme Court on October 2, 2006. Based on the foregoing, then, when Petitioner filed his federal habeas petition on January 8, 2007, which was 98 days after his certificate of probable cause was denied, Petitioner's federal limitations period had already expired. Petitioner's petition was, therefore, 64 days out of time. Thus, Petitioner's application must be concluded to be barred by the AEDPA statute of limitations.

THEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss Petitioner's Application for Habeas Relief under 28 U.S.C. § 2244(d) be **GRANTED**, and

Petitioner's § 2254 action be **DISMISSED.** Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE WITHIN TEN (10) DAYS after being served with a copy hereof.

   **SO RECOMMENDED,** this 7th day of May, 2007.

           S/ G. MALLON FAIRCLOTH
           UNITED STATES MAGISTRATE JUDGE

eSw